JOSEPH WARD *vs.* ABEL H. FULLER.

The refusal of the judge presiding at a trial to order that a party who has been fully examined and cross-examined as a witness, and left the court room without notice to the adverse party, should either return to be further examined, or have his testimony stricken out, is no ground of exception.

When a party relies on alterations, discrepancies, erasures and interlineations in the book of accounts of the other party, to impeach its weight as evidence, the refusal of the presiding judge to order him to specify more distinctly the particulars of objection is no ground of exception.

ACTION OF CONTRACT for work and labor. The defendant filed an account in set-off. The case was referred to an auditor, who reported that the plaintiff was entitled to recover part of the amount claimed.

At the trial in the court of common pleas, before *Mellen*, C. J., the plaintiff did not put in the auditor's report, but called several witnesses to prove his claim, and himself testified in his own behalf, and was cross-examined.

The defendant read to the jury the report of the auditor, and introduced his own book of accounts and his own testimony. Pending his cross-examination, the usual hour of adjournment on Saturday arrived, and the court adjourned till Monday morning, when the cross-examination was completed.

The defendant then proposed to recall the plaintiff, for the purpose of proving some items of the set off, which had been denied by his counsel. But the plaintiff was not in court; and his counsel stated, as a reason for his absence, that the wife of the plaintiff was very sick in another town, and for that reason the plaintiff could not be present. No notice had been given by the defendant that his further attendance was desired.

The defendant's counsel then moved the court that, as the plaintiff had put himself on the stand as a witness, and was now absent without notice to the defendant, he should either come into court to be further examined, or his testimony already given should be stricken out and not considered by the jury. But the court denied the motion, and declined taking any action relative to the plaintiff's absence.

The plaintiff put into the case the defendant's book of accounts, and relied upon sundry alterations, discrepancies, erasions and interlineations in the defendant's account against the plaintiff, to impeach the auditor's report upon the set-off, which had been found upon the book and suppletory oath of the defendant.

The defendant's counsel thereupon moved the court to order the counsel for the plaintiff to point out the evidence, from the book, on which he relied to invalidate it, either from inspection or otherwise. The counsel for the plaintiff then stated that he relied only upon the appearance of the account charged against

the plaintiff, and should not refer to any other part of the book; and the court declined to grant the motion.

The verdict was for the plaintiff, and the defendant alleged exceptions.

*B. F. Butler,* (*B. Russell* with him,) for the defendant.

*E. A. Kelly,* for the plaintiff.

BIGELOW, J. The rulings excepted to were made upon matters wholly within the discretion of the judge who presided at the trial. They cannot therefore be revised by this court.

But if open to revision, we see no ground of error in them. The plaintiff having testified fully upon all matters to which he was interrogated, and having been discharged from further examination, was not bound to remain in court, unless notice was given him to do so by the adverse party.

*Exceptions overruled.*